# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennis Jerome Holloway, | Case No. 14-cv-4703 (JRT/HB) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tom Roy, Commissioner of Corrections, | |
| Respondent. | |

Dennis Jerome Holloway, Minnesota Correctional Facility-Faribault, 1101 Linden Lane, Faribault, MN 55021, pro se

Kelly O'Neill Moller, Hennepin County Attorney's Office, C-2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487; and Matthew Frank and James B. Early, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101; for Tom Roy

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Dennis Jerome Holloway's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. Petitioner is incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota. The petition has been referred to this Court pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1 for the issuance of a report and recommendation. For the reasons set forth below, the Court recommends that the petition be denied and no certificate of appealability be granted.

## I.      Background

### A.      Charged Crimes

In 2012, Petitioner was charged with two counts of aiding and abetting a first-degree controlled substance crime (sale), one count of first-degree controlled substance crime (possession with intent to sell), one count of second-degree controlled substance crime (possession), and one count of prohibited person in possession of a firearm, and was tried on these charges.  (Resp't's Mem. at 1 [Doc. No. 7]; Resp't's App'x at 125-27 [Doc. No. 8].)  During the trial, the jury heard evidence that a Minneapolis police officer received information from an informant, W.L., "that a person named 'Dennis' was trafficking in large quantities of powdered and crack cocaine, using an identified cell-phone number and two vehicles, a white Cadillac Escalade and a black Chevy Avalanche." *State v. Holloway*, No. A12-2218, 2014 WL 211225, at *1 (Minn. Ct. App. Jan. 21, 2014), *rev. denied* (Mar. 18, 2014).  The officer monitored that cell phone number over a two-week period and noted that "the phone emitted a cluster of signals from a three-block area near Logan Avenue North and Broadway Avenue, during the hours of about 2:00 to 7:00 a.m." *Id.*  The police found the identified vehicles in front of a residence on Logan Avenue North in that three-block area, and then "placed tracking devices on them, and conducted physical surveillance of the residence." *Id.*  One officer observed Petitioner "come and go from the residence using a key and drive the vehicles." *Id.*

As part of the investigation, the police arranged for the informant, W.L., to call the identified cellphone and order drugs.  *Id.*  The police recorded these phone calls, and at

Petitioner's trial, an officer testified that he recognized the voice agreeing to supply drugs as that of Petitioner.  *Id.*  The jury also heard the recorded phone calls, along with Petitioner's recorded police statement.  *Id.* at *3.  After the phone calls, H.C., the other resident of the Logan Avenue house, left the residence, drove to the arranged location, and delivered cocaine to W.L.  *Id.* at *1.  Petitioner was not physically present at either buy, and "W.L. testified that he was intoxicated and under the influence of drugs during the buys, and he did not recall whether [Petitioner] was the person he called to arrange for the drug purchases."  *Id.*

Soon after the drug purchases, the police executed a search warrant at the Logan Avenue residence.  Petitioner was not present during the execution of that warrant because he had previously driven to a different location in the Escalade.  *Id.* at *2.  The police found a "loaded, semi-automatic handgun under a pillow in an upstairs bedroom" where they also found mail that was addressed to Petitioner in a dresser drawer.  *Id.*  "In a downstairs bedroom, they found a pair of pants with a traffic citation in H.C.'s name in the pocket."  *Id.*  The police found several items in the kitchen including: 13.1 grams of crack cocaine, bullets for a handgun, a digital scale, a Barbie doll box containing a box of small plastic baggies, a Pyrex glass with a white residue, baking soda, and knives.  *Id.*  The police also found "mail addressed to [Petitioner] at his mother's address in Brooklyn Park."  *Id.*  "A BCA forensic scientist testified that two latent fingerprints, one on each box, matched characteristics of [Petitioner's] fingerprints."  *Id.*  The police arrested Petitioner near the residence.  *Id.*  He had the identified cellphone and told police that was his phone number, but he denied living at the Logan Avenue residence, and instead told

3

police that he lived in Brooklyn Park with his mother.  *Id.*

**B.    Procedural History**

A jury trial was held in July 2012.  (Resp't's Mem. at 1.)  Petitioner was represented by Kurt Robinson at his preliminary hearing, arraignment and plea, trial, and sentencing.  (Pet. at 14 [Doc. No. 1].)  The jury found Petitioner guilty on all counts. *Holloway*, 2014 WL 211225, at *2.  Petitioner was sentenced to 161 months of imprisonment on September 10, 2012.  (Resp't's Mem. at 1.)

Petitioner appealed to the Minnesota Court of Appeals.  He was represented by Melissa Sheridan, a Minnesota state public defender, in his appeal.  (Pet. at 14.) Petitioner also submitted a supplemental pro se brief.  *Holloway*, 2014 WL 211225, at *5. The Minnesota Court of Appeals affirmed the trial court in all but one respect.  *See Holloway*, 2014 WL 211225, at *4.  The Court of Appeals found that the trial court "erred by adjudicating and sentencing him on count four, second-degree controlled-substance crime, possession of more than six grams of cocaine, because that offense is a lesser-included offense of count three, first-degree controlled-substance crime, possession of more than 10 grams of cocaine with intent to sell."  *Id.*  The court thus remanded Petitioner's conviction and sentence on count four and ordered the trial court to resentence Petitioner.  *Id.*  The trial court vacated that count and amended the sentence, but the amended sentence did not shorten Petitioner's 161 month sentence.  (Resp't's Mem. at 2.)  Petitioner sought review by the Minnesota Supreme Court, and his petition was denied on March 18, 2014.  (Resp't's Mem. at 2.)  Petitioner timely filed his § 2254 petition on November 10, 2014.

4

Petitioner raises the following grounds for relief in his petition:

(1) The trial court had insufficient evidence for a reasonable jury to find Petitioner guilty beyond a reasonable doubt, in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

(2) Petitioner was denied due process under the Fourteenth Amendment when the trial court abused its discretion by not allowing a continuance for Petitioner to locate a witness to use in his defense.

## II.   Discussion

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Habeas relief under § 2254 is warranted in three circumstances: (1) when a state court decision was contrary to clearly established federal law, (2) when a state court decision involved an unreasonable application of clearly established federal law, or (3) when a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." *Id.* § 2254(d)(1), (2).

The United States Supreme Court discussed the meaning of the "contrary to" and "unreasonable application" clauses of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000).  A state court decision is "contrary to" the Supreme Court's precedent if it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or if it "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours."  *Williams*, 529 U.S. at 405.  A state court decision is an "unreasonable application" of Supreme Court precedent

5

if it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The habeas court must "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409.  A federal court may not find a state adjudication to be unreasonable "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

In addition, when reviewing a state court decision, a federal habeas court "presumes that the state court's factual determinations are correct." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).  This deference applies to factual determinations made by the state trial and appellate courts. *Sumner v. Mata*, 449 U.S. 539, 547 (1981).  The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Whitehead v. Dormire*, 340 F.3d 532, 539 (8th Cir. 2003).

### A.     Ground One: Insufficient Evidence

Citing *In re Winship*, 397 U.S. 358 (1970), Petitioner contends there was insufficient evidence to support a reasonable jury finding him guilty beyond a reasonable doubt, in violation of his Fifth, Sixth, and Fourteenth Amendment Rights.  (Pet. at 6.) *In re Winship* reiterated that all individuals "are constitutionally entitled to proof beyond a reasonable doubt when they are charged with violation of a criminal law."  397 U.S. at 365.  As the Eighth Circuit has stated, "[a]ny challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction,"

and is thus eligible for habeas review.  *Satter v. Leapley*, 977 F.2d 1259, 1262 (8th Cir.

1992).  However, due process requires only that "after viewing the evidence in the light

most favorable to the prosecution, *any* rational trier of fact could have found the essential

elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307,

319 (1979) (emphasis in original).  Further, in habeas cases, "a federal court may not

overturn a state court decision rejecting a sufficiency of the evidence challenge simply

because the federal court disagrees with the state court.  The federal court instead may do

so only if the state court decision was objectively unreasonable."  *Coleman v. Johnson*,

132 S. Ct. 2060, 2062 (2012) (citations omitted).

     In this case, Petitioner argues the evidence was insufficient to convict him of

aiding and abetting a first-degree controlled substance sale because the "state star witness

[W.L.] did not identify [Petitioner] as the person he called for drugs, [and Petitioner] was

never seen the day the drug deals occurred."  (Pet. at 6.)  The Minnesota Court of

Appeals recognized these facts, but still determined that the evidence was sufficient to

prove Petitioner's charges, and this Court finds similarly.  Even though W.L. testified

that because he was intoxicated, he could not identify Petitioner as the person he called to

buy cocaine, an officer identified Petitioner as the seller from the recordings.  *Holloway*,

2014 WL 211225, at *2-3.  In his memorandum in support of his petition, Petitioner

attempts to discredit that officer, Officer Burns, by stating that Officer Burns had

encountered Petitioner only one time previously.  (Pet'r's Mem. at 9 [Doc. No. 2].)  In his

reply memorandum, Petitioner further argues that Officer Burns testified at the

*Rasmussen* hearing that he had never spoken to Petitioner or heard Petitioner's voice

7

before January 17, 2012.[1]  (Pet'r's Reply Mem. at 2 [Doc. No. 11].)  Petitioner argues for the first time that Officer Burns thus committed perjury, misled the jury, and deprived Petitioner of his right to a fair trial.  (Pet'r's Reply Mem. at 2.)

While Petitioner correctly cites Officer Burns's *Rasmussen* hearing testimony that he did not believe he had heard Petitioner's voice before the controlled-buy recordings (Resp't's App'x at 52), Petitioner fails to note that Officer Burns clarified on redirect that he had heard Petitioner's voice previous to the controlled-buy recordings when Petitioner was stopped as part of a different narcotics investigation (*id.* at 54).  Further, as the Minnesota Court of Appeals noted, the "jury weighed the officer's credibility and could also compare for themselves the voice on the controlled-buy recordings with [Petitioner's] voice on his recorded police statement."  *Holloway*, 2014 WL 211225, at *3.  The Court thus finds that even though no one saw Petitioner on the days the controlled buys occurred, a rational trier of fact could have found the State met the essential elements of aiding and abetting a first-degree controlled substance sale based on the recorded phone calls and Officer Burns's testimony.

Petitioner also argues against the validity of his possession charges because he was not on the lease of the Logan Avenue residence where the drugs and firearm were found, H.C., the tenant of the Logan Avenue residence, submitted a sworn affidavit that Petitioner did not live with him and that he was just a friend who visited sometimes, and no one ever saw Petitioner in possession of a firearm or drugs.  (Pet. at 6.)  The

---

[1] January 17, 2012, and January 24, 2012, are the dates of the two controlled drug buys. (Resp't's App'x at 26-29.)

Minnesota Court of Appeals noted that the evidence supporting the possession convictions was circumstantial, and the State thus needed to prove these charges using a constructive possession theory. *Holloway*, 2014 WL 211225, at *3.

Under Minnesota law, "to convict a defendant of unlawful possession of a controlled substance, the state must prove that defendant consciously possessed, either physically or constructively, the substance." *State v. Florine*, 226 N.W.2d 609, 610 (Minn. 1975). To prove constructive possession, the prosecution must show (1) "that the police found the substance in a place under defendant's exclusive control to which other people did not normally have access," or (2) "that, if police found it in a place to which others had access, there is a strong probability (inferable from other evidence) that defendant was at the time consciously exercising dominion and control over it." *Id.* at 611.

Here, there were many facts upon which a rational trier of fact could rely in convicting Petitioner of the possession charges. First, even though Petitioner was not on the lease and H.C. submitted an affidavit stating that Petitioner did not live there, a rational trier of fact could have found Petitioner resided at the Logan Avenue residence based on the tracking results of Petitioner's cell phone. Law officers provided results from three weeks of tracking Petitioner's cell phone that established he was consistently at the Logan Avenue residence between 2 a.m. and 7 a.m. Petitioner was also seen entering that residence with a key. Any rational trier of fact could thus reasonably infer that Petitioner resided at that location.

9

Next, even though no one saw Petitioner in possession of the firearm or drugs, the State produced sufficient evidence for a rational trier of fact to find there was constructive possession.  The drugs were found in the common kitchen area.  Testing showed fingerprints on the boxes containing materials used in the manufacture of drugs matched characteristics of Petitioner's fingerprints.  The firearm was found in a bedroom containing mail addressed only to Petitioner, whereas the other bedroom contained a parking ticket belonging to H.C.

In sum, Petitioner has failed to show that no rational trier of fact could have found the essential elements of his charges proven beyond a reasonable doubt, and he is thus not entitled to habeas relief on his insufficient evidence argument.

**B.       Ground Two: Denial of Continuance to Locate a Defense Witness**

Petitioner argues that the trial court abused its discretion by denying his motion for a continuance to locate a material witness.  (Pet. at 8.)  As the Eighth Circuit has stated, "not every denial of a request for more time violates due process, even if the consequence of the ruling is that a party fails to offer evidence . . . ."  *Middleton v. Roper*, 498 F.3d 812, 816-17 (8th Cir. 2007) (citing *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964)).  Further, as the Supreme Court has stated, "[t]rial judges necessarily require a great deal of latitude in scheduling trials. . . .  Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates" constitutional rights.  *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar,* 376 U.S. at 589).  Thus, "[h]abeas relief for the trial court's decision to deny a continuance is available only

10

where the petitioner can show that the denial of the motion 'was so egregious that it was fundamentally unfair.'"  *Wade v. Armontrout*, 798 F.2d 304, 307 (8th Cir. 1986) (quoting *Whitmill v. Armontrout*, 42 F.3d 1154, 1158 (8th Cir. 1994)).  Under this abuse of discretion standard, courts consider factors such as "counsel's time for preparation, conduct of counsel at trial and presence of prejudice in the record."  *Nerison v. Solem*, 715 F.2d 415, 418 (8th Cir. 1983) (citations omitted).

In this case, Petitioner argues the trial court abused its discretion by denying him a continuance to locate H.C. to testify on his behalf.  (Pet'r's Reply Mem. at 6.)  Petitioner submitted a pro se brief to the Minnesota Court of Appeals with the same argument.  *Holloway*, 2014 WL 211225, at \*5.  The Minnesota Court of Appeals explained Petitioner sought a continuance for one week to locate H.C., as H.C. "previously submitted an affidavit in support of an unsuccessful motion to suppress, in which he alleged that [Petitioner] did not reside at the Logan Avenue address."  *Id.*  The appeals court concluded the trial court did not abuse its discretion because there was no evidence in the record that the defense would have been able to locate H.C. in that amount of time, and H.C.'s testimony "would have been cumulative of [Petitioner's] mother's testimony that he lived with her in Brooklyn Park."  *Id.*

Petitioner has not shown the trial court's decision to deny a continuance amounted to an abuse of discretion.  Petitioner's counsel requested a continuance on the first day of trial.  (Resp't's App'x at 110.)  In *Jones v. Swenson*, the Eighth Circuit found no abuse of discretion where a court denied a defendant a continuance at his state habeas corpus hearing, "alleging that five witnesses named on the day of the hearing would have

testified in his behalf."  469 F.2d 535, 537 (8th Cir. 1972).  The Eighth Circuit found that

"[w]here a movant does not exercise due diligence in apprising the court of the need for

witnesses, a motion for continuance may be denied."  *Id.*  Here, the defense served

unsuccessful subpoenas on H.C. on March 8 and April 20, months before the July trial.

(Pet.'s Mem. at 14-19.)  The defense then waited until the first day of the trial to apprise

the court of the need to locate H.C., even though the State had already transported a

witness from an Indiana prison.  (Resp't's App'x at 110.)  Further, Petitioner's attorney

stated he expected he needed only a week to find H.C.  (Resp't's App'x at 110.)  The trial

court then denied the continuance because the defense portion of the case was not

expected to start for a week at the earliest.  (Resp't's App'x at 111-12.)

    Further, there is no proof that the defense would have located H.C. if the

continuance had been granted, or that if the defense had located H.C., he would have

testified at Petitioner's trial.  The Minnesota Court of Appeals, prosecutor, and even

Petitioner seem to agree there was no idea how long it would have taken to locate H.C.

(*See* Pet'r's Reply at 6 ("[The trial] court never considered how long the petitioner might

need to secure his witness.").)  The State also notes that H.C. did not plead guilty to his

own charge until after Petitioner was sentenced.  (Resp't's Mem. at 16.)  H.C. might have

invoked his Fifth Amendment privilege against self-incrimination.  In sum, the trial court

did not abuse its discretion in denying a continuance because of Petitioner's late request

for a continuance, the uncertainty of both locating H.C. and securing his testimony in

Petitioner's favor, and the cumulative nature of the evidence Petitioner hoped H.C. would

provide.

### C.        Certificate of Appealability

Before appealing a final ruling on a federal habeas petition, a state prisoner must be granted a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  The Court cannot grant such a certificate unless "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994).

The Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than recommended here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review.  The Court therefore recommends that Petitioner not be granted a COA in this matter.

## III.   Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.        Dennis Jerome Holloway's Petition for Writ of Habeas Corpus [Doc. No. 1] be **DENIED**;

2.        A certificate of appealability **NOT BE GRANTED**; and

3.        **JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 19, 2015          s/ Hildy Bowbeer
                                  HILDY BOWBEER
                                  United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.